UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN MITCHELL,<br><br>               Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>               Defendant. | 3:10-cv-00894 (CSH) |

**ORDER ADOPTING RECOMMENDED RULING**

HAIGHT, Senior District Judge:

      Principally for the reasons stated in the Recommended Ruling ("RR") of Magistrate Judge Joan G. Margolis [Doc. 17], the Court will accept the RR. In consequence, the Plaintiff's Motion for an Order Reversing the Decision of the Commissioner [Doc. 11] will be denied, and the Defendant's Motion to Affirm that Decision will be granted.

      Judge Margolis's Ruling is thorough and incisive. I write separately only to emphasize that the evidentiary record before the Administrative Law Judge ("ALJ") does not support Plaintiff's core contention that the ALJ impermissibly failed to accord "Treating Physician" deference to the opinion of Ms. Mitchell's treating psychiatrist, Dr. Robert Levine. To be sure, Dr. Levine completed a form dated November 30, 2009 which contained his opinion that Plaintiff "has been totally incapacitated [and] disabled for years – definitely prior to September 30, 1998," that being the key date for disability insurance benefits purposes. However, one may fairly infer that Dr. Levine prepared that

form in contemplation and support of Plaintiff's hearing before the ALJ several days later, on December 2, 2009: an inference strengthened by the failure of Dr. Levine's contemporaneous treatment notes, limited to describing drug prescriptions, to refer to such serious disabilities. That omission was stressed by Dr. Hadi, the non-examining psychiatrist and medical expert who testified at the hearing. While Dr. Hadi noted that there was some data in 1998 to indicate treatment of Plaintiff with various drugs, he opined that "the severity of plaintiff's impairment as of September 1998 was not well documented and the contemporaneous records do not support Dr. Levine's 2009 assessment of the severity of plaintiff's impairment." RR at 29 (footnote omitted). While the "Treating Physician" rule is grounded in a sound policy in the medical evaluations of disabilities, to give Dr. Levine's purported opinion in 2009 that an unrecorded disabling condition existed in 1998 would exalt form over substance. The ALJ cannot be faulted for failing to press Dr. Levine or subpoena for such further treatment records as may have existed, for Plaintiff was represented by counsel at the hearing and counsel could have obtained or sought them. *See DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998).

The Court has considered all other objections by Plaintiff to the RR and finds them to be without merit.

The Magistrate Judge's Recommended Ruling is ACCEPTED. The Plaintiff's Motion to Reverse the Decision of the Commissioner of Social Security denying benefits is DENIED. The Defendant's Motion to Affirm that Decision is GRANTED. The clerk is directed to enter judgment dismissing the action with prejudice and without costs, and to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
       December 11, 2012

                                                */s/ Charles S. Haight, Jr.*
                                                Charles S. Haight, Jr.
                                                Senior United States District Judge